[751 NYS2d 42]

In the Matter of Arthur L. Pulley (Admitted as Arthur Pulley), an Attorney, Respondent. Grievance Committee for the Ninth Judicial District, Petitioner.

Second Department, November 25, 2002

## APPEARANCES OF COUNSEL

*Gary L. Casella*, White Plains (*Antonia Cipollone* of counsel), for Grievance Committee for the Ninth Judicial District.

*Steinberg & Coploff, LLP*, White Plains (*Steven A. Coploff* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

Arthur L. Pulley has submitted an affidavit dated August 19, 2002, in which he proffers his resignation as an attorney and counselor-at-law (*see* 22 NYCRR 691.9).

Mr. Pulley avers that his resignation is made voluntarily, free from coercion and duress, and with a full awareness of its implications, including being barred by Judiciary Law § 90 and the Court rules from seeking reinstatement for at least seven years. Mr. Pulley is aware that he is currently the subject of a disciplinary proceeding based upon a complaint filed against him alleging, inter alia, failure to diligently pursue a matter entrusted to him and failure to account for funds entrusted to him as a fiduciary. The Grievance Committee's investigation further revealed that Mr. Pulley failed to properly administer an escrow account and permitted a misrepresentation with respect to the sales price of a parcel of real property.

Mr. Pulley acknowledges his inability to successfully defend himself on the merits against such charges. He is aware that any order of the Court permitting him to resign could require him to make monetary restitution to any persons whose money or property was misappropriated or misapplied or to reimburse the Lawyers' Fund for Client Protection for same. Mr. Pulley is further aware that any order issued pursuant to Judiciary Law § 90 (6-a) could be entered as a civil judgment against him and he specifically waives the opportunity afforded by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The Grievance Committee supports the proffered resignation as the most expeditious way to conclude this matter in the best interest of the public.

Inasmuch as the resignation tendered comports with applicable Court rules, it is accepted, and, effective immediately, Arthur L. Pulley is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law.

Prudenti, P.J., Ritter, Santucci, Altman and Goldstein, JJ., concur.

Ordered that the resignation of Arthur L. Pulley is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Arthur L. Pulley is disbarred, and his name is

stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Arthur L. Pulley shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Arthur L. Pulley is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.